IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC NEUER, doing business as Prairie Pointe Orthodontics, P.A., on behalf of itself and all those similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) DENTAL RESOURCE SYSTEMS, INC. ) Serve: Corporations & Companies, Inc.) Registered Agent ) 910 Foulk Road, Suite 201 ) Wilmington, DE 19803 ) ) JOHN C. HARRIS ) Serve: 1700 E Las Olas Blvd, Suite 300 ) Ft. Lauderdale, FL 33301 ) ) MARK W. MONTGOMERY ) Serve: 1700 E Las Olas Blvd, Suite 300 ) Ft. Lauderdale, FL 33301 ) ) RICHARD AMY ) Serve: 1700 E Las Olas Blvd, Suite 300 ) Ft. Lauderdale, FL 33301 ) ) Defendants. ) | Case No. 2:14-CV-2319  **DEMAND FOR JURY TRIAL**  **CLASS ACTION COMPLAINT** |

**COMPLAINT**
**(CLASS ACTION)**

**COMES NOW** Plaintiff Eric Neuer, doing business as Prairie Pointe Orthodontics, P.A. ("Plaintiff"), on behalf of itself and all those similarly situated, and for its causes of action against Defendants Dental Resource Systems, Inc. ("DRS"), John Harris ("Harris"), Mark Montgomery ("Montgomery"), and Richard Amy ("Amy") states, alleges, and avers to the Court as follows:

**Venue and Jurisdiction**

1. This action arises out of an incident that occurred on or about June 5,

2012, and thereafter, in Johnson County, Kansas.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because this complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

3. Jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1332(d) and/or 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## Parties

5. Plaintiff is a Kansas professional association, maintaining its office at 11164 South Noble Drive #101 in Olathe, Johnson County, Kansas 66061.

6. Defendant DRS is and was a corporation formed in the State of Delaware that maintains a registered agent for the service of process in the State of Delaware, such agent being: Corporations & Companies, Inc., 910 Foulk Road, Suite 201, Wilmington, DE 19803.

7. At all times pertinent hereto, Defendant DRS was not and is not registered or authorized to do business in the State of Kansas.

8. Defendant Harris is and was an individual residing in the State of Florida who may be served at 1700 E. Las Olas Blvd., Suite 300, in Ft. Lauderdale, FL 33301.

9. At all times pertinent hereto, upon information and belief, Defendant Harris was an officer, director, and/or managing agent, or held similar positions of managerial responsibility for Defendant DRS.

10. Defendant Harris had actual or constructive knowledge of the actions described herein, specifically the transmission of unsolicited facsimile advertisements, and participated therein.

11. Defendant Montgomery is and was an individual residing in the State of Florida who may be served at 1700 E. Las Olas Blvd., Suite 300, in Ft. Lauderdale, FL 33301.

12. At all times pertinent hereto, upon information and belief, Defendant Montgomery was an officer, director, and/or managing agent, or held similar positions of managerial responsibility for Defendant DRS.

13. Defendant Montgomery had actual or constructive knowledge of the actions described herein, specifically the transmission of unsolicited facsimile advertisements, and participated therein.

14. Defendant Amy is and was an individual residing in the State of Florida who may be served at 1700 E. Las Olas Blvd., Suite 300, in Ft. Lauderdale, FL 33301.

15. At all times pertinent hereto, upon information and belief, Defendant Amy was an officer, director, and/or managing agent, or held similar positions of managerial responsibility for Defendant DRS.

16. Defendant Amy had actual or constructive knowledge of the actions described herein, specifically the transmission of unsolicited facsimile advertisements, and participated therein.

Eric Neuer v. Dental Resource Systems, Inc., et al.
*Class Action Complaint*

3

## General Allegations

17. On or about June 5, 2012, and thereafter, Plaintiff maintained telephone service at Plaintiff's business location in Johnson County, Kansas, which was connected to a telephone facsimile machine.

18. On or about June 5, 2012, and thereafter, Defendants, acting jointly together, transmitted or caused to be transmitted to Plaintiff's telephone facsimile machine an unsolicited fax advertisement, an example of which is attached hereto as "Exhibit A."

## Class Action Allegations

19. Plaintiff brings this action on its own behalf and on behalf of a class of all persons similarly situated pursuant to Rule 23(a) and Rule 23(b)(3). The Plaintiff Class consists of all persons to whom Defendants DRS, Harris, Montgomery, or Amy transmitted one or more facsimiles promoting DRS' products or services during the four-year period prior to the filing of this Complaint.

20. The Plaintiff Class satisfies all of the prerequisites stated in Rule 23(a):

   (a) The class is so numerous that joinder of all members would be impractical. Upon information and belief, members of the class number in the hundreds or thousands.

   (b) There are questions of law or fact common to the class, such as whether or not Defendants committed the acts complained of and if the actions of Defendants violated the TCPA or constituted conversion, invasion of privacy, or negligence.

   (c) The claims of the representative plaintiff are typical of the claims of the Plaintiff Class.

  (d) The representative plaintiff and its counsel will fairly and adequately protect the interests of the class.  Representative plaintiff and its counsel have no interests antagonistic to the class.  The representative plaintiff and its counsel will prosecute the action vigorously on behalf of the class.  Plaintiff is represented by counsel with experience in litigation of tort and telecommunication class action cases.

21. Further, the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the party opposing the class.

22. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

  (a) It is believed that Defendants' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

  (b) Liability and damages can be established for Plaintiff and the class with the same common proofs;

  (c) Statutory damages are provided for in the TCPA and are the same for all class members and can be calculated in the same or similar manner;

  (d) A class action will result in an orderly and expeditious

administration of claims, and it will foster economies of time, effort and expense;

(e) A class action will contribute to uniformity of decisions concerning Defendants' practices;

(f) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## Count I:
## Violation of the
## Telephone Consumer Protection Act

23. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 22 as though fully set forth herein.

24. In pertinent part, the TCPA, 47 U.S.C. § 227(b)(1)(C) provides that:

> It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . .

25. "Unsolicited advertisement" is defined by 47 U.S.C. § 227(a)(5) as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without the person's prior express invitation or permission, in writing or otherwise."

26. The TCPA provides for a private right of action as stated in 47 U.S.C § 227(b):

> (3) Private right of action
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

27. On or about June 5, 2012, and thereafter, Defendants violated the TCPA by using or causing to be used a telephone facsimile machine, computer, or other device to send unsolicited facsimile advertisements to Plaintiff's telephone facsimile machine.

**WHEREFORE**, Plaintiff prays that this Court:

(a) Enter an order pursuant to Rule 23(c)(1) that this action is to be maintained as a class action and appoint and denominate the undersigned as class counsel;

(b) Enter judgment for Plaintiff and Plaintiff Class against Defendants awarding damages of $500.00 for each violation of the TCPA;

(c) Enter a Preliminary and Permanent Injunction prohibiting Defendants from transmitting unsolicited facsimile advertisements; and

(d) Any relief the Court deems just and proper under the circumstances.

## Count II:
## Conversion

28. Plaintiff incorporates by reference Paragraphs 1 through 27 as though fully set forth herein.

29. On or about June 5, 2012, and thereafter, Plaintiff possessed an unqualified and immediate ownership interest and right to possession and use of its facsimile machine, toner, paper, and memory.

30. Plaintiff never authorized Defendants to use Plaintiff's facsimile machine, toner, paper, or memory for any purpose.

31. Without authorization, on or about June 5, 2012, and thereafter, Defendants assumed or exercised the right of ownership and possession over Plaintiff's facsimile machine, toner, paper, and memory by using or causing to be used a telephone facsimile machine, computer, or other device to send unsolicited facsimile advertisements to Plaintiff's telephone facsimile machine.

32. During Defendants' exercise of unauthorized ownership and possession over Plaintiff's facsimile machine, toner, paper, and memory, Plaintiff was excluded from exercising its ownership and possession rights over the facsimile machine, toner, paper, and memory.

33. As a direct and proximate result of Defendants' conversion of Plaintiff's facsimile machine, toner, paper, and memory, Plaintiff was aggrieved and denied its ownership rights and has suffered an ascertainable loss, including, but not limited to the loss of use of Plaintiff's facsimile machine, toner, paper, and memory and the permanent loss of Plaintiff's toner and paper.

**WHEREFORE**, Plaintiff prays that this Court:

(a) Enter an order pursuant to Rule 23(c)(1) that this action is to be maintained as a class action and appoint and denominate the undersigned as class counsel;

(b) Enter judgment for Plaintiff and Plaintiff Class against Defendants awarding damages and costs of suit;

(c) Enter a Preliminary and Permanent Injunction prohibiting Defendants from transmitting unsolicited facsimile advertisements; and

(d) Any relief the Court deems just and proper under the premises.

### Count III:
### Invasion of Privacy:
### Intrusion Upon Seclusion

34. Plaintiff incorporates by reference Paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff's telephone facsimile number is a secret and private matter because Plaintiff utilizes this number and provides this number to others only for legitimate business-related purposes.

36. Plaintiff has the right to enjoy the use of its telephone facsimile machine for legitimate business-related purposes without the intrusion of unsolicited facsimile advertisements, which needlessly interrupt and annoy Plaintiff's business operations.

37. Upon information and belief, Defendants unreasonably obtained Plaintiff's telephone facsimile number by compiling a list of telephone facsimile numbers from directories of professional business associations.

38. Defendants intentionally interfered in the solitude and seclusion of Plaintiff's physical being and/or intentionally pried into Plaintiff's private affairs or concerns by using or causing to be used a telephone facsimile machine, computer, or other device to send unsolicited facsimile advertisements to Plaintiff's telephone facsimile machine.

39. This intrusion is highly offensive to a reasonable person because Defendants' unsolicited facsimile advertisements consume Plaintiff's facsimile machine toner, paper, and memory, cause unnecessary noise and disturbance, and waste Plaintiff's employees' time.

**WHEREFORE**, Plaintiff prays that this Court:

(a) Enter an order pursuant to Rule 23(c)(1) that this action is to be maintained as a class action and appoint and denominate the undersigned as class counsel;

(b) Enter judgment for Plaintiff and Plaintiff Class against Defendants awarding damages and costs of suit;

(c) Enter a Preliminary and Permanent Injunction prohibiting Defendants from transmitting unsolicited facsimile advertisements; and

(d) Any relief the Court deems just and proper under the premises.

## Count IV:
## Negligence

40. Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth herein.

41. As the operators or controllers of a telephone facsimile machine, computer, or other device used to send telephone facsimile communications, Defendants owed a duty of reasonable care to conduct their facsimile marketing campaign in a reasonable manner so as not to cause unauthorized use and consumption of the facsimile machine toner, paper, and memory of Plaintiff.

42. This duty of reasonable care included the duty to refrain from sending facsimile advertisements to Plaintiff unless: (1) Plaintiff had expressly consented to receiving facsimile advertisements from Defendants and Defendants included the specific opt-out language on the face of each facsimile advertisement as required by 47 U.S.C. § 227(b)(1)(C)(i), (ii), and (iii); or (2) Defendants had a documented established business relationship with Plaintiff and Defendants included the specific opt-out language on the face of each facsimile advertisement as required by 47 U.S.C. § 227(b)(1)(C)(i), (ii), and (iii).

43. In the exercise of reasonable care, Defendants knew or should have known that Plaintiff had not expressly consented to receiving facsimile advertisements from Defendants and Defendants' facsimile advertisements did not include the specific opt-out language on the face of each facsimile advertisement as required by 47 U.S.C. § 227(b)(1)(C)(i), (ii), and (iii).

44. In the exercise of reasonable care, Defendants knew or should have known that Defendants did not have an established business relationship with Plaintiff and Defendants' facsimile advertisements did not include the specific opt-out language on the face of each facsimile advertisement as required by 47 U.S.C. § 227(b)(1)(C)(i), (ii), and (iii).

45.     Defendants acted negligently and breached this duty of reasonable care on or about June 5, 2012, and thereafter, by using or causing to be used a telephone facsimile machine, computer, or other device to send unsolicited facsimile advertisements to Plaintiff's telephone facsimile machine, causing unauthorized use and consumption of Plaintiff's facsimile machine, toner, paper, and memory.

46.     As a direct and proximate result of Defendants' negligence, Plaintiff was aggrieved and has suffered an ascertainable loss, including, but not limited to, the loss of use of Plaintiff's facsimile machine, toner, paper, and memory and the permanent loss of Plaintiff's toner and paper.

**WHEREFORE**, Plaintiff prays that this Court:

(a)   Enter an order pursuant to Rule 23(c)(1) that this action is to be maintained as a class action and appoint and denominate the undersigned as class counsel;

(b)   Enter judgment for Plaintiff and Plaintiff Class against Defendants awarding damages and costs of suit;

(c)   Enter a Preliminary and Permanent Injunction prohibiting Defendants from transmitting unsolicited facsimile advertisements; and

(d)   Any relief the Court deems just and proper under the premises.

## Demand For Trial By Jury

Plaintiff, hereby, demands a trial by jury on all issues so triable.

## Designation of Place of Trial

Plaintiff requests Kansas City, Kansas, as the place of trial.

Respectfully submitted,

WOOD LAW FIRM, LLC

By   /s/ *Ari N. Rodopoulos*
    Noah K. Wood                KS #23238
    noah@woodlaw.com
    Ari N. Rodopoulos         USDC #78455
    ari@woodlaw.com
    1100 Main Street, Suite 1800
    Kansas City, MO 64105-5171
    T: (816) 256-3582
    F: (816) 337-4243
    Attorneys for Plaintiff