# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC NEUER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-2319-CM |
| DENTAL RESOURCE SYSTEMS, INC., et al. | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for extension of time to obtain service on defendants (**Doc. 9**). For the reasons set forth below, plaintiff's motion shall be **GRANTED**.

### Background

Plaintiff is a Kansas orthodontist who brings his class action complaint alleging that defendants violated the Telephone Consumer Protection Act ("TCPA")[1] by transmitting an unsolicited advertisement to his business fax machine. Defendants include Dental Resources Systems ("DRS") and three individuals alleged to have managerial responsibility for DRS. Along with his TCPA claim, plaintiff asserts state law claims of conversion, invasion of privacy, and negligence. Plaintiff requests that the court designate the case as a class action, seeks damages for the TCPA violations, and

---

[1] 47 U.S.C. § 227.

requests a preliminary and permanent injunction prohibiting defendants from transmitting unsolicited facsimile advertisements.

At the time of filing, the clerk's office issued summons for all three defendants. Defendant DRS was served on July 8, 2014, and filed its answer on September 3, 2014 (Doc. 6). However, the docket reflects that service was unexecuted for at least two of the individual defendants (Docs. 3, 4). Plaintiff filed his motion to extend time for service on November 13, 2014.

### Plaintiff's Motion for Extension (Doc. 9)

Defendant opposes plaintiff's motion for several reasons; namely, that plaintiff failed to serve defendants within the required time period; that his motion is untimely; and that he failed to show good cause for an extension. Defendant argues that plaintiff has simply been dilatory in his attempts at service. The court disagrees with defendant's characterization.

Fed. R. Civ. P. 4(m) provides the time limits for service. If the defendant is not served within 120 days after the complaint is filed, the court must either dismiss the action without prejudice against the unserved defendant, or order that service be made within a specified time. But Rule 4(m) *requires* the court to extend the service period if plaintiff shows good cause for his failure.[2]

---

[2] Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court <u>must</u> extend the time for service for an appropriate period." (emphasis added)

2

It is undisputed that plaintiff did not request an extension within the time period allowed by Rule 4(m).[3]  While noting that plaintiff did not provide an excuse for his failure to do so, the court will not deny his motion on that technicality.  Rather, the court finds it disingenuous at best that DRS accuses plaintiff of being dilatory in his service.  Although the individual defendants were clearly listed as officers of DRS on the company's website,[4] representatives of DRS have repeatedly advised plaintiff's process server that those individuals are "traveling, just left the building, or no longer work there."[5]  In addition, it appears that defendant Harris is deliberately attempting to avoid service through the use of false pretense.  The court views defendants' actions in an extremely dim light, and finds that their apparent frustrations of plaintiff's efforts are more than sufficient to show good cause for his failure to achieve timely service.  Finding good cause, the court must allow plaintiff additional time.

**IT IS THEREFORE ORDERED** that plaintiff's motion for extension of time to obtain service on defendants **(Doc. 9)** is **GRANTED**.  The time limit for plaintiff's service on defendants John Harris, Mark Montgomery and Richard Amy is hereby extended to **March 27, 2015**.

---

[3] The complaint was filed on July 3, 2014.  The 120-day deadline fell on Saturday, October 31, 2014, making his deadline for service the next business day, which was Monday, November 2, 2014.

[4] In his motion (Doc. 9 at 2) plaintiff directs the court to review http://www.dentalresourcesystems.com, which the court found very helpful.  Interestingly, between the time that plaintiff's motion was filed and the present, the website name has changed, along with a list of defendant's executive leadership.  Accessing www.dentalresourcesystems.com now leads directly to a "TruDenta" website.  *See* http://drsdoctor.trudenta.com/index.php/leadership.

[5] Pl.'s Motion, Doc. 9 at 2; see also Doc. 9, Ex. 1.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 27th day of January 2015.

                                                        s/ Karen M. Humphreys
                                                       KAREN M. HUMPHREYS
                                                       United States Magistrate Judge